**UNITED STATES of America**

v.

**Thomas REYES, Appellant.**

No. 08–4783.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2010.

Opinion filed: Jan. 27, 2010.

---

Joseph J. Khan, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Jose L. Ongay, Esq., Philadelphia, PA, for Appellant.

Before: AMBRO, CHAGARES and JONES,* Circuit Judges.

OPINION

AMBRO, Circuit Judge.

In July 2006, Thomas Reyes attempted to rob a grocery store in Philadelphia. A

---

jury convicted him of various crimes relating to this incident. Reyes appeals, challenging only his conviction for attempted interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"). In particular, he challenges his conviction on three grounds: 1) the insufficiency of the Government's evidence to sustain his Hobbs Act conviction; 2) the unconstitutionality of the Hobbs Act as applied to his conduct; and 3) deficiencies in the indictment and jury charge.

We reject each of these challenges, and therefore affirm.

## I.

The Gomez Grocery is located in the Germantown section of Philadelphia. The store is open to out-of-state customers, and much of its inventory is delivered from other states (including New Jersey, North Carolina, and Virginia). The store also has an ATM machine on premises. On July 16, 2006, Reyes attempted to rob the store with a loaded, 9 mm. semiautomatic pistol.

Around noon, Reyes entered the store. He was wearing gloves and glasses, as well as a bandana that covered his face. Reyes locked the front door, drew his pistol, and announced that it was a "stick up." From there, he ordered customers and employees to drop to the floor. When Reyes leapt on the counter to reach the register, the store manager and an employee attempted to stop him. Reyes fired his gun several times during the struggle. He was ultimately subdued and arrested.

During the incident, various items were knocked from the shelves. In the end, the grocery store closed for the remainder of the workday—approximately eight hours.

## II.

In November 2006, a grand jury returned a three-count indictment against Reyes, charging him with one count each of: 1) Hobbs Act robbery; 2) carrying and using a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)(1)); and 3) possession of a firearm by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)). Reyes's jury trial began in August 2007. At trial, he did not object to the indictment, the trial court's jury instructions, or the constitutionality of the Hobbs Act. Following a three-day trial, Reyes was convicted on all counts.

The District Court sentenced Reyes to 180 months' imprisonment, five years of supervised release, a $1,000 fine, and a special assessment of $300. Reyes timely appealed.[1]

## III.

In this appeal, Reyes challenges only his Hobbs Act robbery conviction. In the end, we reject each of Reyes's arguments seeking to overturn that conviction.

## A.

First, Reyes challenges the sufficiency of the Government's evidence to convict him of Hobbs Act robbery. "In reviewing a challenge to the sufficiency of the evidence, we 'must determine whether, viewing the evidence most favorably to the [G]overnment, there is substantial evidence to support the jury's guilty verdict.'" *United States v. Urban*, 404 F.3d 754, 762 (3d Cir.2005) (*quoting United States v. Idowu*, 157 F.3d 265, 268 (3d Cir.1998)). "We 'will sustain the verdict if

---

**1.** The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant.' " *Id.* at 762–63 (*quoting United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998)) (internal quotation marks omitted).

The Hobbs Act applies to any robbery attempt that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). "To sustain a conviction for interference with commerce by robbery under § 1951, the [G]overnment must prove the element of interference with interstate or foreign commerce by robbery." *United States v. Haywood,* 363 F.3d 200, 209 (3d Cir.2004).

■ Reyes argues that Hobbs Act robbery requires a specific intent to affect interstate commerce, and that the Government failed to prove such a specific intent beyond a reasonable doubt. We disagree. It is well-established that a specific intent to affect interstate commerce is not an element of Hobbs Act robbery. Indeed, "[i]t is not necessary that the *purpose* [of the conduct was] to affect interstate commerce." *United States v. Addonizio,* 451 F.2d 49, 77 (3d Cir.1972) (emphasis in original). Instead, the Government must prove only that "one of the *natural effects* [of the conduct was] an obstruction of that commerce." *Id.* (emphasis in original). Accordingly, Reyes's argument fails.

Reyes argues in the alternative that the trial evidence was insufficient to prove an effect on interstate commerce beyond a reasonable doubt. However, under the Hobbs Act the Government need not prove an actual effect on interstate commerce. Instead, it must only prove that the underlying robbery "potentially caused an effect on interstate commerce to any degree, however minimal or slight." *Urban,* 404

F.3d at 762; *see also Haywood,* 363 F.3d at 211 n. 7; *United States v. Clausen,* 328 F.3d 708, 710–11 (3d Cir.2003). Furthermore, a " 'jury may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted.' " *Haywood,* 363 F.3d at 210 (*quoting United States v. Zeigler,* 19 F.3d 486, 493 (10th Cir.1994)); *see also Urban,* 404 F.3d at 767 ("[I]t is beyond cavil that the depletion of assets of a person engaged in interstate commerce has at least a 'potential' effect on that person's engagement in interstate commerce.").

■ At trial, the Government presented evidence that the grocery store imported portions of its inventory from other states, and was forced to close for approximately eight hours as a result of the robbery. During this period, the store could not receive goods from out-of-state vendors, sell its goods that had been delivered across state lines, or permit customers to use its ATM machine. Furthermore, the robbery itself was intended to steal money from the grocery store, which would have depleted its available assets and limited its ability to engage in interstate transactions.

Because the Government was required to prove only a minimal, potential effect on interstate commerce, we hold that it provided sufficient evidence to sustain Reyes's conviction under the Hobbs Act.

### B.

Reyes next argues that the Hobbs Act is unconstitutional "as applied" to his conduct. For support, he cites *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), where the Supreme Court held that a federal statute prohibiting the possession of a firearm in a school zone was unconstitutional. In *Lopez,* the Court identified three categories of activity

that may be regulated under the Commerce Clause: 1) use of the channels of interstate commerce; 2) the instrumentalities of interstate commerce; and 3) activities that "substantially affect" interstate commerce. In challenging the constitutionality of the Hobbs Act, Reyes argues that "[r]obbery is not a commercial activity. Robbery is a crime." Appellant's Br. 23. Therefore, Reyes adds, our requirement of only a minimal effect on interstate commerce cannot be squared with *Lopez*. He is mistaken.

Because Reyes did not raise this argument before the District Court, we review it only for plain error. *See United States v. Boone*, 279 F.3d 163, 174 n. 6 (3d Cir. 2002). In any event, our Court has previously rejected similar challenges to the Hobbs Act under *Lopez*. *See Urban*, 404 F.3d at 766 ("[W]e have already rejected the argument that *Lopez* and its progeny require proof of a 'substantial effect' on commerce in an individual case in order to show a Hobbs Act violation."). Furthermore, "[e]ven after *Lopez*, every Court of Appeals to have addressed the issue has held that the Hobbs Act may constitutionally be applied to crimes which do not have a substantial effect on interstate commerce." *Clausen*, 328 F.3d at 710.

In *Clausen*, the defendants "argue[d] that the Hobbs Act [wa]s unconstitutional as applied to a broad category of cases, including this one, in which the effect of any given robbery on interstate commerce was minimal." *Id.* at 710. We rejected this argument, concluding that the Hobbs Act "regulate[d] activity which occur[red] locally but which ha[d] an explicit nexus with interstate commerce." *Id.* at 711. We added that this rendered it "distinguishable from the statute[ ] at issue in *Lopez*," and therefore "the District Court did not err when it instructed the jury that it need only find that each robbery had a minimal effect on interstate commerce." *Id.*

■■■ Reyes's constitutional challenge is virtually indistinguishable from the challenge we rejected in *Clausen*. As a result, Reyes cannot establish error under our precedent, let alone plain error.

## C.

Finally, Reyes argues that: 1) portions of the indictment and jury charge can be read to suggest that a specific intent to affect interstate commerce was a required element; and, accordingly, 2) the later portion of the jury charge—in which the District Court instructed the jury that it did not have to find that Reyes intended to affect interstate commerce—both caused the verdict to be "at variance" with the indictment, and resulted in "confusing" and "inconsistent" instructions. We review these claims only for plain error because Reyes failed to raise them before the District Court. *See United States v. Antico*, 275 F.3d 245, 265 (3d Cir.2001). In any event, Reyes is mistaken.

> The indictment charged him as follows: Thomas Reyes attempted to obstruct, delay[,] and affect commerce and the movement of articles and commodities in commerce, by robbery, [by] unlawfully attempt[ing] to take and obtain cash from the Gomez Grocery located at 82 East Walnut Lane, Philadelphia, Pennsylvania in the presence of employees of the Gomez Grocery and against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees of the Gomez Grocery, that is, by brandishing and discharging a gun, demanding money, and threatening employees of the Gomez Grocery.

The indictment further alleged that "the Gomez Grocery was engaged in and affect-

ing interstate commerce, providing food and drink, or goods and services, which were produced and transported from other states to Pennsylvania, to residents of the Commonwealth of Pennsylvania and out-of-state residents." Therefore, the indictment properly charged Reyes with Hobbs Act robbery.

■ Furthermore, the charge to the jury accurately stated the law and was not inconsistent with the indictment. In relevant part, the Court instructed the jury as follows:

> The defendant need not have intended or anticipated an effect on interstate commerce. You may find the effect as a natural consequence of his actions. If you find that the defendant intended to take certain actions, that is, he did the acts charged in the indictment in order to obtain property, and you find those actions have either caused or would probably cause an effect on interstate commerce no matter how minimal, then you may find the requirements of this element satisfied.

Reyes does not offer any passages that persuade us that a reasonable trier of fact would be confused by any alleged inconsistencies in the indictment and the jury instructions. Both the indictment and the jury instructions present the relevant law accurately and, read together, are consistent.

In order to prevail, a defendant must prove that there was "a 'variance' between the indictment and the proof at trial, to the prejudice of the defendant's substantial rights." *United States v. Barr*, 963 F.2d 641, 648 (3d Cir.1992). We have recognized a "variance" only in situations where the evidence at trial proves facts other than those alleged in the indictment. *Id.* Reyes has failed to establish either a variance or prejudice.

As noted above, the Government offered evidence that many of the items sold in the Gomez Grocery were purchased from other states. As a result of the attempted robbery, the store closed down for eight hours, which kept it from receiving out-of-state goods or allowing its customers to use its ATM machine. Furthermore, had Reyes successfully completed the robbery, he would have stolen money from the Gomez Grocery, therefore depleting assets that would have been available to engage in interstate transactions. This evidence all supports a conviction for Hobbs Act robbery—the relevant crime charged in the indictment. Furthermore, nothing in the indictment or jury instructions suggests any confusion about the underlying offense or the elements that had to be proven at trial—including specific intent.

\* \* \* \* \* \*

For these reasons, we reject each of Reyes's challenges, and affirm the judgment of the District Court.